# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GREAT AMERICAN INSURANCE
COMPANY,

          **Plaintiff,**

**v.**                                          **Case No:   6:14-cv-1412-Orl-41DAB**

DELPHINI CONSTRUCTION
COMPANY, DELPHINI BUILDERS,
INC., DELPHINI INVESTMENT
GROUP, LLC, DELPHINI INDUSTRIAL
PARK AT NORTHSTAR, LLC,
DELPHINI INDUSTRIAL PARK AT
BEARDALL, LLC, KENNETH M. DELP,
II , KEVIN OHLHUES, AARON
O'CONNELL and KENNETH M. DELP,
III ,

          **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motions filed

herein:

> **MOTION:**      **MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY
> AND MOTION FOR SUMMARY JUDGMENT AS TO
> DAMAGES (Doc. No. 115)**
>
> **FILED:**       **October 1, 2015**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and Plaintiff
> be ORDERED TO SHOW CAUSE why the matter should not be dismissed
> for lack of jurisdiction.**

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR FINAL DEFAULT JUDGMENT** (Doc. No. 126) |
| **FILED:** | **February 24, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, as MOOT**.

*Background*

Plaintiff issued payment and performance bonds to Delphini Construction for various construction projects and the named Defendants executed an Agreement of Indemnity in favor of Plaintiff in connection with these bonds. In June 2014, Plaintiff was notified that Delphini Construction was experiencing financial problems and might be unable to complete the ongoing bonded projects. Plaintiff received multiple claims on the bonded projects and was also named as a defendant in litigation seeking recovery under a performance bond. Plaintiff demanded that Defendants post collateral to protect it from losses associated with the bonded projects, but Defendants did not do so. As a result, Plaintiff filed this action, alleging Breach of Agreement of Indemnity (Count I), Specific Performance of Collateral Provision (Count II), Specific Performance of Inspection of Books and Records (Count III), Quia Timet (Count IV), Exoneration (Count IV), and Injunctive Relief (Count V).  The action, which claims to be within the diversity jurisdiction of this Court, does not seek a liquidated amount of damages.

On September 9, 2014, the Delphini Defendants (Delphini Construction Company, Delphini Builders, Inc., Delphini Investment Group, LLC, Delphini Industrial Park at Northstar, LLC , and Delphini Industrial Park at Beardall, LLC) were served with a summons and copy of the Complaint, but failed to plead or otherwise defend (Docs. 35-39). Accordingly, on December 2, 2014, the Clerk entered defaults against them (Docs. 58-62).

On March 2, 2015, Plaintiff moved for summary judgment against the Delphini Defendants

and most of the other Defendants (Doc. 99).  In that motion, Plaintiff stated:

> 26. Based on the claims received to date and the issues which have arisen
> on multiple projects, Great American fully anticipates that its damages
> relating to the Bonds will significantly exceed $1,355,714.62. (Dudley
> Declaration ¶34). Nevertheless, **for purposes of obtaining Summary
> Judgment, Great American is prepared to limit its recovery under a
> Final Judgment to $1,355,714.62.** (Dudley Declaration ¶34).

(Doc. 99, p. 8, emphasis added). By Order dated September 28, 2015, the District Court granted the

motion, in part, as to the non-defaulting Defendants named in that motion, in the total amount of

$1,355,714.62 (Doc. 111), and judgments were entered accordingly (Docs. 112-114).  With respect

to the defaulting Defendants, however, the District Judge noted:

> The appropriate procedure against a defendant in default is a motion for
> default judgment, not a motion for summary judgment. *See Phillips Factors
> Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580, 1582–83
> (M.D.N.C. 1986) (holding that a motion for default judgment, rather than a
> motion for summary judgment, was the "appropriate avenue of relief"
> against a party subject to clerk's default); *see also United States v. Estate of
> Segel*, No. 8:08-cv-2196-T-23EAJ, 2010 WL 1730749, at *1 (M.D. Fla.
> Apr. 27, 2010) (construing motion for summary judgment as a motion for
> default judgment).
>
> Additionally, Plaintiff asserts that "[l]iability has already been established
> against [the Defendants in default] by virtue of the clerk's defaults." (Mot.
> Summ. J. at 17). This is a misunderstanding of the consequences of a clerk's
> default. "[A] defendant's default does not in itself warrant the court in
> entering a default judgment. There must be a sufficient basis in the
> pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l
> Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[fn omitted] Plaintiff's Motion
> for Summary Judgment does not address the issues necessary to determine
> whether default judgment is appropriate—i.e., whether the well-pleaded
> facts, taken as true, establish liability.[footnote omitted] Thus, the Court will
> not attempt to construe the Motion for Summary Judgment as one for
> default judgment. However, Plaintiff can, by separate motion, seek default
> judgment against the applicable Defendants.

(Doc. 111, pp. 4-5). Despite this direction, Plaintiff has filed the instant motion "for a default

judgment as to liability and *summary judgment as to damages . . .*" (Doc. 115). Moreover, although

Plaintiff explicitly limited its damages in its summary judgment motion, and judgment was entered

against the non-defaulting Defendants – alleged to be jointly and severally liable with the Delphini

Defendants -- in that limited amount, Plaintiff now seeks a different, much larger amount, against

the Delphini Defendants.

With respect to its damage calculation, the entirety of Plaintiff's argument is as follows:

> In its Motion for Summary Judgment and Incorporated Memorandum of Law
> [D.E. 99] filed on March 2, 2015, Great American sought $1,355,714.62 in
> losses and expenses through February 27, 2015. See Dudley Declaration, ¶25,
> Exhibit 9. [D.E. 100] The Court found that there was sufficient evidence to
> support Great American's assertion that it incurred $1,355,714.62 in damages
> and final judgment was entered against some of the individual Indemnitors in
> this amount. [D.E. 112-114] Since February 27, 2015, Great American has
> incurred additional net losses and expenses of $1,102,597.88. See
> Supplemental Dudley Declaration, ¶5.
>
> Thus, the total amount of damages Great American has incurred as a result of
> furnishing the Bonds is $2,458,312.50, representing $2,328,967.25 paid to
> claimants for payment and performance bond claims ($168,224.41 to payment
> bond claimants and $2,160,742.84 to performance bond claimants) and
> **$268,414.74 for expenses such as attorneys' fees, consulting fees and costs
> incurred in investigating and defending against such claims.** See
> Supplemental Dudley Declaration, ¶6, Exhibit 2. Defendants Delphini
> Construction, Delphini Builders, Delphini Investment, Delphini Northstar, and
> Delphini Beardall are jointly and severally liable to Great American for these
> losses and expenses.
>
> WHEREFORE, Great American Insurance Company requests the Court to
> enter default judgment against Defendants Delphini Construction Company,
> Delphini Builders, Inc., Delphini Investment Group, LLC, Delphini Industrial
> Park at Northstar, LLC, and Delphini Industrial Park at Beardall, LLC, jointly
> and severally, **in the amount of $2,458,312.50** and for any further relief this
> Court deems proper.

(Doc. 115, p. 10, emphasis added).

There is no showing that this motion was served on the Delphini Defendants, and no

response has been filed.

Following the filing of this motion (Doc. 115), and the supporting Supplemental Declaration

(Doc. 116), Plaintiff moved for attorney fees and costs in the amount of $149,901.91, against

Defendants Kenneth M. Delp, II, Aaron O'Connell and Kevin Ohlhues (Doc. 117). The undersigned

recommended that this motion be denied (Doc. 120). Plaintiff then moved to "amend and/or

withdraw its Motion for Attorneys' Fees or, alternatively, that its Objections should be granted" (Doc. 121).   During the pendency of the attorney's fee issues, Plaintiff filed the instant Renewed Motion for Final Default Judgments and Motion to Withdraw Request For Attorney's Fees and Costs (Doc. 126- "the Renewed Motion"). There is no showing that this motion was served on the Delphini Defendants and, to date, no response has been filed.

On March 1, 2016, the motions were referred to the undersigned for issuance of a Report and Recommendation. On March 8, 2016, the District Judge granted the Renewed Motion in part, as to the withdrawal of the request for attorneys' fees only (Doc. 127), leaving the issue of entry of default judgment pending.   Although the Renewed Motion is not yet ripe, in view of the lack of service of the motion, the Court sees no reason for delay.

For the reasons set forth herein, it is **respectfully recommended** that the motions be **denied and Plaintiff be ordered to show cause why the action should not be dismissed for lack of jurisdiction.**

*Standard of Review*

When a defendant has failed to plead or defend, a district court may enter judgment by default.   Fed.R.Civ.P. 55(b)(2). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co*., 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

"In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, No. 5:06-CV-057, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (*citing Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). A defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages.  *See*

*Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters ...."). Moreover, "A default judgment must not differ in kind from ... what is demanded in the pleadings." Fed.R.Civ.P. 54(c).

*Analysis*

Despite specific direction from the District Court to seek relief via a motion for default judgment, Plaintiff seeks damages pursuant to a summary judgment motion. Even if the Court were inclined to construe the motion as if it sought a default judgment, the instant motions do not provide a legitimate basis for the entry of the relief sought.

--Jurisdiction

Although the Complaint purports to allege the existence of diversity jurisdiction, the *proof* of same is lacking. When a plaintiff files suit in federal court, it must allege facts that, if true, show federal subject matter jurisdiction exists over the case. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437 U.S. at 373. Importantly, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person. *Taylor,* 30 F.3d at 1367; *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve

center" test as uniform approach for determining corporate citizenship). By contrast, a limited liability company or partnership is a citizen of any state of which a member is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *Mallory & Evans Contractors & Engineers, LLC. v. Tuskegee Univ.*, 663 F.3d 1304 (11th Cir. 2011) (reaffirming that a limited liability company is a citizen of any state of which a member of the company is a citizen).

Applied here, Plaintiff's Complaint asserts that jurisdiction is based on diversity but fails to allege the citizenship of each member of the limited liability companies, other than conclusory assertions that Delphini Investment, Northstar and Beardall are Florida limited liability companies "whose members, *upon information and belief,* are citizens of the State of Florida." (Doc. 1, ¶¶ 7-9). Although well pled factual allegations are admitted on default, these are not allegations of fact but of belief, and absent a showing of the basis for this belief, the allegations are not entitled to a presumption of truth.[1] For present purposes, the Court is not convinced of its jurisdiction here.

As the Court cannot act in the absence of jurisdiction, it is **recommended** that Plaintiff be **ordered to show cause** within 14 days of the date of this Report, why the action should not be dismissed for failure to establish jurisdiction. Although this point is dispositive, it is not the only defect the Court finds in the instant showing.

--Liability

Even if jurisdiction were adequately shown, assuming the Indemnity count is the only count at issue,[2] Plaintiff has not made the required showing as to the liability of these Defendants for the damages claimed.

---

[1] Plaintiff fails to identify the members of the Defendant LLC's in its Certificate of Interested Persons, nor does it point to any document in the record which can serve to support this allegation.

[2] The Complaint asserted numerous causes of action, but the instant motion appears directed solely to the Indemnity count for damages. It appears that Plaintiff is waiving its claims with respect to the other counts.

In denying the previous motion for summary judgment against these Defendants, the District Court found that Plaintiff's motion "does not address the issues necessary to determine whether default judgment is appropriate –i.e, whether the well-pleaded facts, taken as true, establish liability." (Doc. 111, pp. 4-5).   In footnote, the Court found "significant"

> the fact that the list of bonded projects alleged in the Complaint differs from the evidence relied upon for summary judgment purposes. (*Compare* Ex. A to Compl., Doc. 1-2 *with* Dudley Decl. ¶ 26). Plaintiff has provided no authority to allow the Court to look beyond the pleadings in determining the propriety of default judgment. *See Blankenship v. M/V Cary'd Aweigh*, No. 6:07-cv-82-Orl-28KRS, 2007 WL 2714098, at *2 n.5 (M.D. Fla. Sept. 17, 2007).

(Doc. 111, p.5, n. 7).   The defect is *still* present in the instant papers.   As quoted above, the sole evidence presented in support of the claimed damages is Mr. Dudley's declaration.   In Supplemental Declaration, Mr. Dudley avers that he has reviewed the statements made in his February 27, 2015 Declaration – the same Declaration found wanting by the District Court -- "and all of the matters stated therein are still true and correct." (Doc. 116).   Moreover, Mr. Dudley avers that since February 27, 2015, Plaintiff has incurred additional net losses and expenses of $1,102,597.88, and attaches an exhibit which purports to summarize these losses. (Doc. 116-Exhibit 2). Again, the projects referred to by Mr. Dudley differ from the list of bonded projects alleged to be at issue in the Complaint. As noted above, a default judgment cannot differ in kind from, or exceed in amount, what is demanded in the pleadings.   *See* Rule 54(c).[3]

--Damages

In addition, the current damage claim exceeds the amount Plaintiff stipulated to in the prior go-round. Plaintiff presents no grounds for obviating its stipulation to the lesser amount and the

---

[3] In its motion, Plaintiff appears to address this discrepancy by stating: "The reason for this difference is that the Projects listed in Exhibit A to the Complaint were all the projects on which Great American furnished bonds on behalf of Delphini Construction whereas the Projects listed in ¶26 were those projects in which Great American received and paid claims on the bonds it furnished." (Doc. 115, p. 4, n. 2). Even if the Court understood this unclear statement (it does not) and was inclined to accept this unsworn statement as evidence (it is not), the only "Project listed in ¶ 26" of the Complaint is the University of South Alabama Computer Science and Engineering Building Project, which is, in fact, listed on Exhibit A to the Complaint.

result it seeks here would result in inconsistent judgments against alleged jointly liable Defendants. Moreover, Plaintiff wishes to withdraw its claim for attorney's fees and costs, but the Declaration of Mr. Dudley appears to include these items in the damages sought.   The conclusory nature of the "proof" here makes it impossible for the Court to find that the amounts sought are consistent with the allegations of the Complaint (with respect to the identified bonded projects), the stipulated limit of the relief sought in earlier motion, and Plaintiff's current withdrawal of its request for an award of fees and costs. Should Plaintiff wish to obtain judgment against these Defendants, it must address these concerns and provide a sufficient showing as to the existence of jurisdiction, an analysis of how the allegations in the Complaint support a finding of liability for the relief sought, and a complete (and non-conclusory) evidentiary showing with respect to the kind and amount of damages sought, in view of the above deficiencies.

For these reasons, it is **respectfully recommended** that Plaintiff be **ordered to show cause as to this Court's jurisdiction.**   Assuming jurisdiction can be adequately established, the motion for default judgment/summary judgment (Doc. 115) should be **denied, without prejudice** to renewal upon an adequate showing consistent with the allegations of the Complaint and Plaintiff's representations and stipulations. It is further recommended that the Renewed Motion be **denied as moot**.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on March 9, 2016.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

- 9 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy